By the Court.
 

 In the popular sense there was no explosion of the boiler. It appears from its opinion the Court of Appeals held that within the definition of that term contained in the policy there was a sudden rupture in the boiler head for which the insurance company was liable; that, since there was no rupture of the boiler where the bag was formed, there could be no recovery under the policy for the repairs made thereto. The cause was therefore reversed and remanded to the trial court, because the Court of Appeals was unable to ascertain what amount was expended for repairs made to the boiler head, where an actual rupture occurred. It found that the amount of the judgment was excessive, because it included repairs on the ruptured boiler head as well as repairs made on the bag or bulge at the bottom of the boiler. Having taken that position, the appel
 
 *552
 
 late court could have as well reversed.the cause because of the admission of incompetent testimony relating to the amount of repairs necessary to restore the bulge to its proper position.
 

 There is no substantial dispute as to the facts. The only question to be determined is whether the policy indemnified the assured for repairs to the bag, where no sudden rupture or collapse was apparent. We accept the statement of counsel for plaintiff in error that the legal questions presented are:
 

 “ (1) Was the damage to the boiler caused by an explosion as defined by the policy of insurance?
 

 “(2) Was the plaintiff entitled to recover as part of its damages the cost of repairing the bag in the boiler?”
 

 By the terms of the policy the insurance company agreed “to indemnify the assured, * * * in the event of an explosion of any such boiler, for his loss or damage directly caused thereby.” Were this the only provision in the policy contract covering loss or damage by explosion it is obvious that no liability would attach. There was no explosion in the sense that term is popularly known or as it is defined by lexicographers. However, this policy seemed to recognize this fact, and, with a view of extending its liability by defining the term, it provided that “an /explosion’ shall mean the sudden rupture or sudden collapse of a boiler *
 
 * *
 
 caused by pressure of steam.” “Ruptures” are defined by lexicographers, generally, as a breaking or bursting asunder, and are more distinctly defined in Funk & Wagnalls’ dictionary thus:
 

 
 *553
 
 “To open or part as a steam boiler, without extreme violence; distinguished from explosion; a splitting apart of a steam boiler as distinguished from bursting or explosion.”
 

 See, also,
 
 Evans
 
 v.
 
 Columbian Ins. Co.,
 
 44 N. Y., 146, 4 Am. Rep., 650. The breaking apart of the boiler head, in which the rivets were sprung, therefore was a “rupture” within the meaning of the policy for which the insurance company was liable. Moreover it was a “sudden rupture” caused by the pressure of steam, for on the first parting of the rivets from the plate a rupture occurred, and liability immediately attached.
 

 "Was the plaintiff entitled to recover under this policy for repairs made to the bag? At that particular point the lower- part of the boiler had bulged downward over the fire box, but there was no sign of any rupture thereto. The manifest purpose of the policy contract was to insure against
 
 explosions
 
 and their resulting damage. Recognizing that pressure of steam might sometimes not produce explosions of violent character, but might produce a splitting apart of some portion of the steam boiler, with a lesser violence than that produced by an ordinary explosion, the insurer obligated itself to indemnify the assured for the damage directly caused by the rupture. The damage
 
 directly
 
 caused by the -rupture was the springing apart of the rivets from the boiler head plate. The damages covered by the insurance policy were those caused directly and not indirectly by the explosion, as therein defined. The insurance company was liable only for the damages caused by the rupture. Those damages included repairs
 
 *554
 
 necessary for the restoration of the ruptured places in the boiler.
 

 The judgment of the Court of Appeals is therefore affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Day, Allen and Ejnkade, JJ., concur.